**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WILLIAM EARL DOUNLEY,** § | |
| § | |
| **Plaintiff,** § | |
| § | **Civil Action No. 3:08-CV-1388-O** |
| v. § | |
| § | |
| **MICHAEL J. ASTRUE,** § | |
| **Commissioner of Social Security,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, filed January 20, 2010, before the Court is *Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act* (doc. 24), filed August 20, 2009. Based on the relevant filings, evidence, and applicable law, the Court recommends that Plaintiff's motion be **GRANTED, in part**.

**I.  BACKGROUND**

On November 8, 2008, Plaintiff filed a complaint seeking remand and/or reversal of the Defendant's denial of Social Security disability benefits. Jennifer L. Fry, Plaintiff's hearing lawyer at the administrative level, retained William Fouché to prepare Plaintiff's briefs in the district court. On April 30, 2009, this Court recommended that the Defendant's decision be reversed and the matter remanded for further proceedings. The District Court accepted the recommendation on July 22, 2009, and entered judgment in this case. Subsequently, Plaintiff filed a motion seeking an award of $11,796.43 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, including $350.00 for reimbursement of filing fees. With the relevant filings made within the applicable deadlines, the motion is now ripe for determination.

## II. ANALYSIS

Pursuant to the EAJA, the Court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). However, an award of attorney's fees under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). As the fee applicant, Plaintiff has the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Defendant does not dispute Plaintiff's entitlement to attorney's fees, the hourly rate requested, or the costs associated with litigation, but objects to the claimed number of attorney hours as excessive and unreasonable. Defendant objects to the following entries for Ms. Fry:

| Date | Services | Time | Defendant's objection |
| --- | --- | --- | --- |
| 6.23.08 | Reviewed AC decision, notes and merits of case to assess viability of case on appeal to Federal District Court. Researched case law and SSA Rulings. Discussed case with appellate attorney William Fouché | 2.5 | Mr. Fouché was responsible for drafting substantive pleadings. 1.0 hour of time considering the merits of the appeal is enough for Ms. Fry since she has substantial social security experience. |
| 08.16.08 | Telephone conference with Client explaining Federal District Court process. | 0.25 | Plaintiff had already recorded 0.5 hours for, among other things, "drafting letter to client explaining status of case and time frame |

| Date | Services | Time | |
|---|---|---|---|
| | | | involved." |
| 09.19.08 | Served Defendants | 0.5 | Plaintiff had earlier recorded 0.25 hours for filing the complaint. |
| 10. 28.08 | Reviewed Defendant's Answer and transcript of administrative proceedings. Reviewed transcript for completeness, comparing with administrative record from Appeals Council. Forwarded transcript et. al to William Fouché. | 1.0 | Ms. Fry did not prepare the substantive pleadings for Plaintiff and Mr. Fouché requests several hours of time for reviewing the administrative record. |

Defendant objects to Mr. Fouché's time entries as follows:

| Date | Services | Time | Defendant's Objections |
|---|---|---|---|
| 12.09.08-12.19.08 | Studied administrative record (548 pages) in detail, wrote the opening sections of Plaintiff's brief, researched and wrote about the brace Plaintiff had to wear post surgery | 15.6 | 5 hours is reasonable for these tasks and some of the entries are repetitive of earlier tasks performed. |
| 01.18.09 | Researched social functioning required for "unskilled work" with expectation that it could be demonstrated that impaired social functioning restricts the individual from sustaining unskilled job - declined to make argument | 2.0 | Mr. Fouché did not present this argument in Plaintiff's brief |
| 01.21.09-01.23.09 | Studied medical opinions, did legal research, completed arguments IV and V, and began work on argument VI | 9.7 | Mr. Fouché performed these tasks in December 2008. |
| 4.30.09 | Read Magistrate Judge's Memorandum recommending reversal and remand; Worked on EAJA submission | 0.8 | Ms. Fry made entries in her time sheets for the same tasks. |

Based on the detailed billing records provided by Ms. Fry and Mr. Fouché, the Court finds that only two of the time entries made by the attorneys on their billing records are unreasonable and should be eliminated for purposes of calculating attorney fees. First, Mr. Fouché's entry for 0.8 hours of time for working on the motion and for reviewing the Court's recommendation should be eliminated as duplicative because Ms. Fry has billed time for these same tasks. *See Williams v. City of Balch Springs*, 1999 WL 1146802, at *2 (N.D. Tex. Nov. 17, 1999) (where the court finds that the work performed appears to be excessive or duplicative, the court may strike or reduce the time to be compensated). Second Mr. Fouché's 2.0 hour entry for working on the "unskilled work" argument should be eliminated as unproductive because he did not present the argument in his brief. *See Walker v. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996) (Plaintiffs submitting fee requests are required to "exercise proper billing judgment which refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours").

The attorneys spent the remaining 64.95 hours of time reviewing the 548-page administrative record that contained hand-written and difficult-to-read treatment notes, researching legal authorities for six issues, at least three of which could be described as novel, writing Plaintiff's opening and reply briefs, corresponding with each other and the client, reviewing orders received from the District Court, and filing documents with the same. Based on the detailed time-sheets itemizing and explaining the tasks performed, the Court finds that a fee award for 64.95 hours of attorney time is reasonable in this case. *See e.g. Sandoval v. Apfel*, 86.F.Supp.2d 601, 616 (N.D. Tex. 2000) (approving 11.75 hours of lead counsel's time, 52.55 hours for briefing counsel and his assistant for work on the merits, and 28.25 hours for work defending the fee application); *Capps v. Barnhart*, No. 4-02-CV-508-Y (N.D. Tex., Aug. 4, 2003) (approving 64.1 hours for work on the merits of the case

in a case requiring only one brief); *Marin v. Heckler*, 754 F.2d 1262, 1265 (5th Cir. 1985) (approving 122.10 hours for work by Plaintiff's counsel in the District Court).

In conclusion, the number of attorney hours Plaintiff requests for the year 2009 should be reduced by 2.80 hours, and Plaintiff should be granted attorney fees as follows:

| Year | Hours | Rate | Total |
|---|---|---|---|
| 2008 | 25.00 | 169.50 | 4,237.50 |
| 2009 | 45.45 [1] | 168.63 | 7,664.23 |
| | | | $11,901.73 |

### III.   CONCLUSION

*Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act* should be **GRANTED, in part**.  Plaintiff should be awarded attorney's fees in the amount of $11,901.73 and costs in the amount of $350.00.

**SO RECOMMENDED**, on this 8th day of February, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] This number includes the 5.5 hours of attorney work that Plaintiff requests for defending the fee application against Defendant's objections.  Under the EAJA, fees incurred in litigating a fee application are compensable. *See Sandoval v. Apfel*, 86.F.Supp.2d 601, 616 (N.D. Tex. 2000) (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)); *See also Hardy v. Callahan*, 1997 WL 470335, at *9 (E.D. Tex. 1997) (granting Plaintiff 6.5 hours expended in defending her EAJA request).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                  _____
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE